MUXLOW v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 85329. Submitted April 15, 1986, at Detroit. Decided July 7, 1986. Leave to appeal applied for.

Karen F. Muxlow, individually and as next friend of her sons, Erik and Alex Fuscon, and Harold Muxlow brought an action in the Wayne Circuit Court against the Auto Club Insurance Association for a declaratory judgment that defendant was liable to plaintiffs under an insurance policy issued to Donna Pickler. Plaintiffs and their children were injured when their car was struck by a pickup truck owned and operated by Donna Pickler's son, Donald Pickler. The policy in question insuring the truck listed Donna Pickler as the named insured and principal driver and specifically excluded Donald Pickler. Plaintiffs obtained a default judgment against Mr. Pickler and then brought the action for declaratory judgment against the insurer. The court, Joseph B. Sullivan, granted a summary judgment for defendant. Plaintiff appealed. *Held:*

The statute which permits the exclusion of named drivers from liability coverage in automobile insurance policies may properly be applied to the exclusion of named owners of motor vehicles.

Affirmed.

SHEPHERD, J., concurred in the result but wrote separately to note that the present state of the law allows for fraud to be perpetrated upon the people of the state by incompetent drivers and that insurers must be aware of it.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 294, 316.

Effect of statutory exclusion, from personal injury protection of no-fault insurance coverage, of owner, registrant, or occupant of uninsured vehicle. 27 ALR4th 176.

Who is "member" or "resident" of same "family" or "household," within no-fault or uninsured motorist provisions of motor vehicle insurance policy. 96 ALR3d 804.

Construction of statutory provision governing rejection or waiver of uninsured motorist coverage. 55 ALR3d 216.

See also the annotations in the ALR3d/4th Quick Index under Automobile Insurance.

INSURANCE — NO-FAULT INSURANCE — NAMED DRIVER EXCLUSIONS.

The statute which permits the exclusion of named drivers from liability coverage in automobile insurance policies may properly be applied to the exclusion of named owners of motor vehicles (MCL 500.3009[2]; MSA 24.13009[2]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Dickinson, Brandt, Hanlon, Becker & Lanctot* (by *Edwin F. Dyer, II*), for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and C. W. SIMON,* JJ.

C. W. SIMON, J. Plaintiffs appeal as of right from an order granting defendant's motion for summary judgment made pursuant to GCR 1963, 117.2(1). Plaintiff had filed a declaratory judgment action seeking to have the named driver exclusion found invalid if the named driver is also the owner of the vehicle.

The facts of this case are not in dispute. On May 27, 1981, an accident took place involving an automobile owned and operated by plaintiff Karen Muxlow and a pickup truck owned and operated by Donald Pickler. At the time of the accident, the truck was insured under a policy issued by defendant to Donna M. Pickler, mother of Donald Pickler. The policy listed Donna Pickler as the named insured and principal driver and specifically excluded Donald Pickler.

Plaintiffs brought suit against Donald Pickler for the injuries they had sustained as a result of the accident. The defense of the suit was tendered to defendant, which refused to defend on the grounds of driver exclusion. Subsequently, a de-

* Circuit judge, sitting on the Court of Appeals by assignment.

fault judgment was entered against Mr. Pickler. After an unsuccessful garnishment attempt, plaintiffs instituted the declaratory judgment action against defendant.

Plaintiffs argue that the no-fault act and the financial responsibility act required that an owner maintain insurance and that the insurance policy be for the benefit of the person who is required to furnish proof of financial responsibility—the owner. Thus, plaintiffs argue, it is against public policy to allow the vehicle owner to be named as an excluded driver on an insurance policy.

This issue has already been decided adversely to plaintiffs' position. MCL 500.3009(2); MSA 24.13009(2) provides:

> When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance . . .: Warning— when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

This Court, in *Allstate Ins Co v DAIIE,* 142 Mich App 436; 369 NW2d 908 (1985), recently interpreted the statute and after lengthy analysis held "that the named driver exclusion in MCL 500.3009(2) may properly be applied to the owner of a motor vehicle." 142 Mich App 443.

Plaintiffs' public policy arguments have previously been addressed by this Court. For instance, in *DAIIE v Comm'r of Ins,* 86 Mich App 473, 479-480; 272 NW2d 689 (1978), this Court found that

the Legislature had balanced other countervailing public policy considerations in favor of allowing driver exclusions. See also *Allstate Ins v DAIIE, supra.*

Requiring that owners not be named excluded drivers on insurance policies would not solve plaintiffs' public policy considerations. For example, in this case, if Donald Pickler tried to obtain a certificate of insurance so he could obtain registration without buying insurance himself, he could easily have transferred the car to his mother's name so that she could have obtained a policy excluding Donald Pickler, an exclusion which plaintiff's conceded would be valid. The effect on plaintiff's potential recovery would be the same.

In summary, the choice by the Legislature among competing policy considerations is best left to its determination and is not for the courts to question. "The no-fault act is experimental and innovative, and in creating this scheme of insurance the Legislature was faced with difficult policy issues. The question of named driver exclusions was one such issue." *DAIIE v Comm'r of Ins, supra,* p 480.

Affirmed.

M. J. Kelly, P.J., concurred.

Shepherd, J. *(concurring).* I concur in the result. This state of affairs allows fraud to be perpetrated upon the people of this state by incompetent drivers in wholesale quantities. An uninsurable driver (i.e., a menace on the highways) can purchase a motor vehicle and arrange to have someone else who seldom, if ever, drives it place the insurance in his or her own name. The net result is that the owner/driver can proceed to endanger the public with impunity while the public is without the complete protection of the law.

As *Allstate Ins Co v DAIIE,* 142 Mich App 436; 369 NW2d 908 (1985), implies, this directly contravenes the spirit of the financial responsibility act, MCL 257.501; MSA 9.2201. However, *Allstate* indicates that the financial responsibility act was adopted prior to the no-fault act and the former act must therefore yield to the latter. Both *Allstate* and the majority opinion in this case conclude that there were conflicting policy considerations and the Legislature simply chose one alternative over others.

Plaintiff very graphically argues in her brief:

If this Court is inclined to balance the potential for good against the potential for disaster, the tragic consequences of allowing an insurance carrier to exclude the owner/reckless driver from coverage surely dominates the evaluation. Both in this action and in *Allstate, supra,* there is no suggestion that the owner is either handicapped or elderly. Rather, the excluded driver was executing a transparent "scam" to procure an insurance certificate at lower rates. It is unthinkable that the Legislature would encourage the insurance carriers to issue a certificate of insurance, notwithstanding that the obvious driver of the car is driving the car without insurance. It is inconceivable that the Legislature intended to allow this outrageous behavior.

In this action, the insurance carrier was fully aware that Donald Pickler was the owner of the truck. It was unconscionable for the insurance carrier to issue a certificate of insurance permitting him to register the truck, while simultaneously denying coverage of Donald Pickler, the actual driver of the vehicle. (This action was dismissed on the pleadings. Thus plaintiff has not yet had an opportunity to present evidence unequivocably demonstrating that the insurance carrier knew that Mrs. Pickler had access to several cars, including her own car.) This case is a dramatic

counterexample to the contention that public policy requires that the insurance carrier be permitted to aid an owner in evading Michigan's compulsory insurance law.

However, given the clear and unambiguous language of MCL 500.3009(2); MSA 24.13009(2), I can only conclude that this result is either what the Legislature intended or the result was unintended because the consequences were simply not anticipated or contemplated. The Supreme Court was never given the opportunity to address this issue because an application for leave to appeal was never filed in *Allstate.* This is understandable since plaintiff and defendant were both insurance companies. The loser in *Allstate* emerged a winner since it too will now be able to participate in the statutory scheme. (Plaintiff calls it a scam.)

Whatever label we place upon it here, it appears to me to be a label created by the statute. In fairness to insurance companies they are doing nothing more than following the law as it exists even though they must know that the present state of the law allows them to deliberately close their eyes to reality and forces the rest of us to drive on the highways under the illusion that the law has taken every precaution to force owners of automobiles not to drive without insurance.