# STATE OF MICHIGAN

# COURT OF APPEALS

FRANKENMUTH INSURANCE COMPANY,

               Plaintiff-Appellant,

v

LEONARD POLL and RUTH HEUBEL,

               Defendants,

and

CITIZENS INSURANCE COMPANY OF
AMERICA and HANOVER INSURANCE
COMPANY,

               Defendants-Appellees.

FOR PUBLICATION
July 21, 2015
9:00 a.m.

No. 320674
Kent Circuit Court
LC No. 12-006867-ND

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

In this subrogation action under the No-Fault Act, MCL 500.3101 *et seq.*, plaintiff Frankenmuth Insurance Company (Frankenmuth) appeals by right the trial court's orders granting summary disposition in favor of defendants Citizens Insurance Company of America and Hanover Insurance Company (Citizens/Hanover)[1] and denying Frankenmuth's motion for reconsideration. We affirm.

The underlying facts are undisputed. Frankenmuth is the insurer of a home located in Caledonia, Michigan, owned by non-party Bonnie Gabbert. Citizens/Hanover is the insurer of a 1999 Lincoln automobile owned by defendant Ruth Heubel. At the time of the accident that is the subject of this appeal, Heubel's insurance policy contained a named-driver exclusion, as permitted by MCL 500.3009(2), which specifically named Heubel's son, defendant Leonard

---

[1] Although named separately, the record indicates that Citizens Insurance Company of America and Hanover Insurance Company are the same entity.

-1-

Poll, as an excluded driver and warned that all liability coverage would be void if Poll operated the Lincoln. The policy explicitly warned, *inter alia*, that "[w]hen a named excluded person operates a vehicle, all liability coverage is void – no one is insured" and that one of the "legal consequences" of allowing a named excluded driver to operate the vehicle would be that "the vehicle is considered uninsured under the no-fault statute[.]"

In September of 2011, Poll was driving Heubel's Lincoln when he lost control of the vehicle and crashed into Gabbert's home, causing extensive damages. Pursuant to its homeowner's insurance policy with Gabbert, Frankenmuth paid Gabbert $108,260.42, to cover the damages. Frankenmuth then initiated this subrogation action to recover those costs from Citizens/Hanover, as the primary insurer of the Lincoln, and from Heubel and Poll individually.[2] Citizens/Hanover moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the named-driver exclusion relieved it from any insurance liability for damages caused while Poll was driving the Lincoln. The trial court agreed and granted the motion. It subsequently denied Frankenmuth's motion for reconsideration.

We review de novo a trial court's ruling on a motion for summary disposition. *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). We also review de novo issues involving statutory construction and the construction of insurance contracts. *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 196; 826 NW2d 197 (2012). The trial court properly grants a motion for summary disposition under MCR 2.116(C)(10) when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *BC Tile & Marble Co*, 288 Mich App at 583. We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Churchman v Rickerson*, 240 Mich App 223, 233; 611 NW2d 333 (2000). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010).

Frankenmuth argues that Citizens/Hanover, as the primary insurer of the involved vehicle, is liable for the property damage irrespective of whether Heubel was personally involved in the accident. Frankenmuth relies on the three-prong test articulated by our Supreme Court in *Turner v Auto Club Ins Ass'n*, 448 Mich 22; 528 NW2d 681 (1995), under which an insurer is liable for property protection insurance benefits if (1) there has been "accidental damage to tangible property arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle," MCL 500.3121; (2) no exceptions to the insurer's liability enumerated in MCL 500.3123 apply; and (3) the insurer insures the owner of the vehicle "involved in the accident." *Id*. at 28-29. Frankenmuth argues that each prong is met in this case, so Citizens/Hanover is therefore liable, despite the fact that Poll was an uninsured driver. However, the named-driver exclusion, as it is written in the contract at issue, negates Frankenmuth's conclusion.

---

[2] Heubel and Poll are not parties to this appeal pursuant to a consent judgment between them and Frankenmuth.

"An insurer is free to define or limit the scope of coverage as long as the policy language fairly leads to only one reasonable interpretation and is not in contravention of public policy." *Farmers Ins Exch v Kurzmann*, 257 Mich App 412, 418; 668 NW2d 199 (2003) (internal quotation omitted). Under MCL 500.3009(2), "[t]he Legislature has made it possible for insureds and insurers to exclude bad drivers from a policy." *Progressive Mich Ins Co v Smith*, 490 Mich 977, 977 n 2; 806 NW2d 494 (2011) (YOUNG, C.J., concurring). Specifically:

> If authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance: Warning—when a named excluded person operates a vehicle all liability or coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable. [500.3009(2)]

The operative effect of such a named-driver exclusion is that when a named excluded driver operates the insured vehicle, "coverage is void—no one is insured." MCL 500.3009(2); *Bronson*, 298 Mich App at 198.

Here, the named-driver exclusion in Heubel's car insurance policy contained verbatim the warning set forth in MCL 500.3009(2). We must enforce as written both the plain and unambiguous language of the statute, as well as the clear and unambiguous terms of the insurance policy not in conflict with that statute. *Bronson*, 298 Mich App at 198. Applying the plain language of both the insurance policy's named-driver exclusion and the statute, while Poll drove Heubel's vehicle, the insurance policy was void, and therefore the security required by MCL 500.3101 was not in effect at the time of the accident (i.e., no one was insured). *Id*. Because Citizens/Hanover was not the insurer of the vehicle "involved in the accident," *Turner*, 448 Mich at 29, at the time the accident occurred, it was not liable for the damages incurred.

Frankenmuth attempts to avoid the above conclusion by noting, accurately, that *Bronson* dealt with the effect of MCL 500.3009(2) on an insurer's obligation to provide personal injury protection benefits, not property damage benefits. Frankenmuth further points out, also accurately, that there are significant differences between personal injury protection benefits and property damage benefits. However, neither *Bronson* nor MCL 500.3009(2) are applicable solely to personal injury protection benefits. Indeed, subsection (1) of that statute specifically refers to liability for both property damage and bodily injury. As Frankenmuth acknowledges, the Legislature has seen fit in the past to make certain exceptions applicable to only personal injury benefits and *not* property damage benefits. See MCL 500.3113(a). The Legislature did not do the same here, indicating its intent to make MCL 500.3009(2) equally applicable to both personal injury protection benefits and property damage benefits.

Frankenmuth finally argues that the named-driver exclusion is void as against public policy. We disagree. An insurance policy provision is invalid as against public policy if it conflicts with a statute. *Auto-Owners Ins Co v Martin*, 284 Mich App 427, 434; 773 NW2d 29 (2009). Here, however, as noted above, the named-driver exclusion is specifically permitted by MCL 500.3009(2), and MCL 500.3009(2) is a valid exercise of legislative power. See, e.g.,

*Verbison v Auto Club Ins Ass'n*, 201 Mich App 635, 639-642; 506 NW2d 920 (1993); *Muxlow v Auto Club Ins Ass'n*, 152 Mich App 817, 819-820; 394 NW2d 121 (1986). Therefore, the named-driver exclusion is not void as against public policy.

The trial court properly granted summary disposition in favor of Citizens/Hanover, so likewise it did not abuse its discretion in denying Frankenmuth's motion for reconsideration. Citizens/Hanover, being the prevailing party, may tax costs. MCR 7.219(A).

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto