STATE OF MICHIGAN
COURT OF APPEALS

CLARENCE WALKER,

      Plaintiff-Appellant,

and

CLARENCE WALKER INSURANCE AGENCY,
LLC,

      Plaintiff,

v

ALERITAS CAPITAL CORPORATION,

      Defendant,

and

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,

      Garnishee Defendant-Appellee.

UNPUBLISHED
July 12, 2016

No. 326354
Wayne Circuit Court
LC No. 12-015390-CZ

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

In this garnishment action to recover insurance proceeds to satisfy an underlying judgment, plaintiff Clarence Walker (Mr. Walker) appeals by right the trial court's order denying plaintiffs' motion for summary disposition and granting summary disposition in favor of garnishee-defendant, Those Certain Underwriters at Lloyd's of London (Underwriters). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2008, plaintiffs filed suit in federal court against Brooke Corporation, defendant Aleritas Capital Corporation (Aleritas), and Brooke Capital Corporation, asserting claims of misrepresentation, fraud, privacy torts, breach of contract, unjust enrichment, and violation of

state franchise law.[1]  Mr. Walker alleged that he quit his employment to purchase an insurance agency, but that the named defendants' agents and representatives misrepresented the value of the agency and Aleritas breached its agreement to fund the purchase.  *Id*. at pp 1-2.  The parties do not dispute the federal court's recitation of plaintiffs' efforts to serve Aleritas with the federal lawsuit:

> Walker[2] attempted to serve Aleritas with process by sending the summons and complaint by registered mail, return receipt requested, to the Corporation Trust Co., the registered agent of Aleritas.  The return receipt indicates that the documents were received by Corporation Trust on November 4, 2008, but do not indicate by whom they were received.  On November 26, 2008, Walker requested a clerk's entry of default, which was entered that day.  On December 9, 2008 Walker moved for default judgment, and that motion was also sent to Corporation Trust in its capacity as agent of Aleritas.  Corporation Trust then notified the court that it was unable to reach Aleritas to forward the papers.  Corporation Trust did not state whether the original service of process had ever reached Aleritas.  In its letter to the Court, Corporation Trust returned the motion for summary judgment and stated that it would officially file the paperwork to resign as Aleritas's agent.  No defendant has answered or otherwise appeared in this action as of the date of this order.

> On May 1, 2009, Walker moved for a hearing on his motion for a default judgment stating that at the time Corporation Trust was served it was the registered agent of Aleritas, and that it (Corporation Trust) does not take issue with the service. . . .  The Court will not grant a default judgment against Aleritas because Aleritas was never properly served with the summons and complaint. . . .  Neither the federal, nor the state rules for service of process explicitly allow for service by registered mail to a corporation.  [*Walker v Brooke Corp*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued June 17, 2009 (Docket No. 08-CV-14574), slip op at 2-3.]

The federal court concluded that service of process on a corporation by mail is not permitted by the Federal Rules of Civil Procedure, and that service of process by registered mail on an agent is permitted by MCR 2.105 only if the agent is an individual.  Because Aleritas and its registered agent, Corporation Trust Company, were corporations, service or process could not, under either the federal or state court rules, be accomplished by mail; plaintiffs' attempted service on November 4, 2008 was thus ineffective.  However, in lieu of dismissing the federal action for failure of service, the court allowed plaintiffs to attempt alternate service.  After

---

[1] *Walker v Brooke Corp*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued June 17, 2009 (Docket No. 08-CV-14574).

[2] The federal court defined the term "Walker" to include plaintiffs collectively.  Only Mr. Walker is an appellant in this action, however.

plaintiffs achieved alternate service on June 30, 2009, and Aleritas failed to respond, plaintiffs obtained a default judgment against Aleritas in the amount of $182,770.01. *Walker v Brooke Corp*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued March 30, 2010 (Docket No. 08-CV-14574).

Plaintiffs thereafter brought this garnishment action to recover the federal court judgment amount from Underwriters, Aleritas's insurer under a professional liability insurance policy. Underwriters filed a motion for summary disposition, arguing that the insurance policy it issued to Aleritas was a "claims-made" policy that expired on December 1, 2008, and therefore it was not liable for coverage related to plaintiff's judgment against Aleritas because plaintiffs did not make a claim against Aleritas until June 30, 2009 (the date service of process was successfully accomplished on Aleritas in the underlying federal lawsuit). Plaintiffs filed a cross-motion for summary disposition, arguing that their claim against Aleritas was timely made on November 4, 2008, when they initially served process upon Aleritas's resident agent. Plaintiffs also argued that Underwriters could not deny coverage because of late notice of a claim against Aleritas because Underwriters was not prejudiced by the delay. The trial court held that plaintiffs did not serve Aleritas until June 30, 2009, after the policy period had expired, and accordingly, there was no insurance coverage because the claim was not made within the policy period. The court therefore granted Underwriters' motion for summary disposition and denied plaintiffs' motion.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford County*, 287 Mich App 406, 415; 789 NW2d 211 (2010). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We review de novo the interpretation of court rules and statutes. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007).

## III. ANALYSIS

Mr. Walker argues that the trial court erred in granting Underwriters' motion for summary disposition. We disagree.

An insurance policy is a contract, and therefore, the rules of contract interpretation apply. *Fuller v GEICO Indemnity Co*, 309 Mich App 495, 498; 872 NW2d 504 (2015). An unambiguous insurance policy is governed by its plain language. See *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 62; 664 NW2d 776 (2003). A "claims made" policy, also known as a discovery policy, generally provides for indemnity of an insured[3] regardless of when the alleged error or omission or negligent act occurred as long as the misdeed complained of is discovered and the claim for indemnity is made against the insurer during the policy period. *St Paul Fire & Marine Ins Co v American Home Assurance Co*, 444 Mich 560, 568; 514 NW2d 113 (1994). A "claims made" policy differs from an "occurrence" policy, which provides indemnity regardless of when the claim is raised as long as the misdeed complained of occurred during the policy period. *Id*. at 569.

The policy at issue provides, in relevant part:

NOTICE

THIS IS A CLAIMS MADE POLICY

EXCEPT TO SUCH EXTENT AS MAY BE PROVIDED OTHERWISE HEREIN, THIS POLICY IS LIMITED TO INDEMNITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE ASSURED DURING THE POLICY PERIOD. PLEASE REVIEW THE POLICY CAREFULLY.

1. COVERAGE: CLAIMS MADE PROVISION:

The Underwriters will indemnify the Assured for all sums which the Assured shall become legally obligated to pay as damages by reason of any negligent act, error or omission committed or alleged to have been committed by the Assured or by any person for whose negligent acts, errors or omissions the Assured is legally responsible which arise out of the conduct of the Assured's professional activities as Insurance Brokers, Insurance Agents or General Insurance Agents, provided always that:

(a) a claim is first made against the Assured during the Policy Period by reason of such negligent act, error or omission, and

(b) the Assured has no knowledge, on or prior to the effective date of this Policy, that such negligent act, error or omission may give rise to a claim against the Assured, or, there are no prior policy or policies which provide insurance for such liability or claims resulting from such negligent act, error or omission whether or not the deductible provisions and amount of such prior policy or policies are different from this Policy.

---

[3] Referred to as an "assured" in the policy at issue.

2.  DISCOVERY CLAUSE:

If during the Policy Period the Assured shall first become aware of any facts or circumstances which may subsequently give rise to a claim against the Assured by reason of any negligent act, error or omission for which coverage would be afforded hereunder, and if the Assured shall DURING THE POLICY PERIOD stated in the Schedule give written notice to Underwriters of such facts or circumstances, any such claim subsequently made against the Assured arising out of such negligent act, error or omission shall be deemed for the purpose of this Insurance to have been first made during the Policy Period stated in the Schedule. The Assured shall co-operate fully with Underwriters or its representatives as provided in Condition 1 and any investigation conducted by Underwriters or its representatives shall be subject to the terms set forth in this Insurance.

The plain language of the policy provides that the claim must be made against the assured during the policy period. The term "claim" is defined as "a written demand received by the Assured for money or services, including the *service of suit* or demand for arbitration against the Assured." (Emphasis added). Further, the mere "filing of suit, or the filing of demand for arbitration, shall not constitute a claim within the meaning of the policy." The policy period ran from March 31, 2008 to December 1, 2008. It is undisputed that Aleritas did not provide written notice to Underwriters during the policy period. Therefore, Underwriters is liable for coverage only if plaintiffs made a claim against Aleritas within policy period. Mr. Walker contends that he made such a claim during the policy period because Aleritas was served on November 4, 2008, when the registered agent for Aleritas received a copy of the summons and complaint. We disagree. The language of the policy requires that a claim that consists of a suit or demand for arbitration must be served on the assured during the policy period in order to be a valid claim. Here, plaintiffs did not effect valid service on Aleritas until June 30, 2009.

Although Mr. Walker contends that he complied with MCR 2.104, which addresses process and proof of service, MCR 2.105(D) specifically addresses process and the manner of service upon private corporations. The rule provides, in relevant part:

(D) Private Corporations, Domestic and Foreign. Service of process on a domestic or foreign corporation may be made by

(1) serving a summons and a copy of the complaint on an officer or the resident agent;

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Bureau of Commercial Services, Corporation Division if . . . .

The court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. *Bullington v Corbell*, 293 Mich App 549, 557; 809 NW2d 657 (2011); MCR 2.105(D)(1) and (2). Here, plaintiffs initially employed registered mail to serve Aleritas's resident agent, a corporation. However, because the resident agent was a corporation, personal service was necessary to effect service. *Id*. The language of MCR 2.105(D)(1) provides for personal service of the summons and a copy of the complaint on an individual officer or resident agent, not service by mail. *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 350; 852 NW2d 22 (2014); *Bullington*, 293 Mich App at 558 ("The court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind.").

Mr. Walker contends that he achieved service on the resident agent, Corporation Trust Company, as evidenced by the signature receipt dated November 4, 2008. Mr. Walker asserts that the fact that the resident agent later returned the summons and complaint[4] is irrelevant. However, as the federal court held, plaintiffs' initial attempt to effect service of process, by registered mail, on Aleritas's registered agent, on November 4, 2008, was ineffective under both the federal and state court rules.[5] Therefore, Mr. Walker's reliance on the initial, ineffective service in arguing that he effectively made a claim within the policy period is without merit.

Because the policy is a "claims-made" policy, the policy period expired on December 1, 2008, the attempted service of process November 8, 2008 was ineffective, and the return of service on the properly served summons and complaint is dated June 30, 2009 (after the expiration of the policy period), plaintiffs did not timely make a claim within the policy period. Therefore, the trial court properly granted summary disposition in favor of Underwriters.

Mr. Walker further argues that, even if service of process was ineffective, Underwriters must demonstrate prejudice to avoid liability under the policy. However, our Supreme Court has stated that unambiguous notice provisions in an insurance policy are enforceable "without a showing that the failure to comply with the provision prejudiced the insurer." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 362; 817 NW2d 504 (2012).

Because the trial court did not err in granting Underwriters' motion for summary disposition, it is unnecessary to address its proposed alternate grounds for affirmance.

---

[4] It is unclear whether the registered agent actually returned the summons and complaint, or merely returned, as the federal court noted, the motion for summary judgment. It matters not to our analysis, however.

[5] The Federal Rules of Civil Procedure, like the Michigan Court Rules, do not provide for service of process on a corporation to be accomplished by mail. See FR Civ P 4(h).

Affirmed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra