# STATE OF MICHIGAN

# COURT OF APPEALS

---

SIRANOSH YOUSIF,

        Plaintiff-Appellant,

v

RANDAZZO'S FRUIT MARKETS #2, INC.,
doing business as RANDAZZO'S FRESH
MARKET, RANDAZZO'S FRUIT MARKETS
#3, INC., doing business as RANDAZZO'S
FRESH MARKET, and DEBUCK
CONSTRUCTION COMPANY,

        Defendants-Appellees.

UNPUBLISHED
February 21, 2017

No. 329077
Macomb Circuit Court
LC No. 2013-004491-NO

---

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants in this premises liability action.[1] We affirm.

On appeal, the main theme underlying plaintiff's multiple arguments is that the trial court erred in granting summary disposition in favor of defendants. We disagree.

This Court reviews a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2016) (Docket No. 153025); slip op at 4. The trial court granted summary disposition pursuant to MCR 2.116(C)(10). MCR 2.116(C)(10) provides that summary disposition may be granted when, except with regard to damages, "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." In *Maiden v Rozwood,* 461 Mich 109, 120; 597 NW2d 817 (1999), the Michigan Supreme Court set forth the governing standard for reviewing motions brought pursuant to MCR 2.116(C)(10):

---

[1] The trial court dismissed plaintiff's claims against DeBuck Construction Company, which is not a party to this appeal. Therefore, as used in this opinion, the term "defendants" shall refer only to the Randazzo parties.

-1-

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Properties, Inc,* 270 Mich App 437, 440; 715 NW2d 335 (2006) (citation omitted). Generally, a "landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe,* 492 Mich 450, 460; 821 NW2d 88 (2012) (footnote and citation omitted).[2] A landowner may be liable for breaching this duty if aware of a dangerous condition and "fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id.* (Footnote and citations omitted.) However, it is well-settled that a landowner's duty to protect does not extend to dangers that are open and obvious. *Lugo v Ameritech Corp, Inc,* 464 Mich 512, 516; 629 NW2d 384 (2001). The trial court's reason for granting summary disposition pursuant to MCR 2.116(C)(10) was that the hazard plaintiff alleged led to her fall was open and obvious. In determining whether a hazard is open and obvious, the relevant inquiry is "whether it is reasonable to expect that an average person with ordinary intelligence would have discovered [the hazard] upon casual inspection." *Hoffner,* 492 Mich at 461 (footnote and citations omitted).

Although plaintiff denied seeing the landscaping tool that caused her fall before she actually fell, the trial court properly concluded that the record evidence showed that any hazard would have been readily discernible to an average person of ordinary intelligence on casual inspection. *Id.* The trial court noted that plaintiff, during her deposition, admitted seeing other tools as she made her way through the tools and equipment that were being used to construct a patio on defendants' premises, and that she saw the tool that caused her fall subsequent to her fall. The trial court also determined that genuine issues of material fact did not exist regarding whether the tool was hidden by the grass that plaintiff traversed, because the grass depicted in photographs,[3] taken approximately one-half hour after plaintiff fell, was obviously cropped short enough that an average person with ordinary intelligence would have discerned the presence of landscaping tools, and gauged their actions accordingly.[4] Plaintiff also asserts that her answer to

---

[2] The parties do not dispute that plaintiff was an invitee on defendants' premises.

[3] The photographs were submitted in support of defendants' motion for summary disposition.

[4] Plaintiff argues that the average person with ordinary intelligence standard as elucidated in *Hoffner* was not relevant because she herself had not encountered such a hazard before. However, the well-settled law in Michigan is whether an average person possessing ordinary intelligence, upon encountering a particular hazard, would discover it upon casual inspection.

interrogatories from defendants created genuine issues of material fact for trial, where she stated that the landscaping tool that caused her fall was hidden by the grass. However, as noted above, during her deposition testimony, plaintiff acknowledged seeing several landscaping tools lying on the ground as she traversed the grass where she ultimately fell, but she denied seeing the actual tool that caused her to fall before she fell. On this record, it was reasonable for the trial court to conclude that an average person of ordinary intelligence would have seen the collection of tools and the resulting hazard on casual inspection. *Hoffner*, 492 Mich at 461. The trial court's ultimate determination that genuine issues of material fact did not exist with regard to the application of the open and obvious doctrine was sound.[5]

According to plaintiff, there were other conflicts in the record evidence that precluded summary disposition. For example, plaintiff points to conflicting evidence regarding whether Salvatore Randazzo, one of the owners of Randazzo Fresh Market, and David Boscaglia, the foreman of the construction project, directed plaintiff to walk in the area where she ultimately fell. Plaintiff also challenges Salvatore Randazzo's credibility, discrediting the manner in which he secured a building permit from the local municipality for the patio construction. There were also inconsistencies in the record evidence from defendants regarding (1) how plaintiff traversed the area in which she fell, and (2) whether there were indeed tools lying on the ground in the area where plaintiff fell. While we acknowledge these inconsistencies in the record evidence, they were not germane to the pivotal question decided by the trial court, that being whether the hazard to plaintiff was open and obvious.

Plaintiff also argues that even if the condition was open and obvious, the trial court erred in granting summary disposition to defendants because there were "special aspects" associated with the hazard, warranting an imposition of liability on defendants despite its open and obvious nature. We disagree.

Special aspects are present where the open and obvious hazard "is effectively unavoidable[,]" or if the condition presents "an unreasonably high risk of severe harm." *Lugo*, 464 Mich at 518. "[T]he standard for 'effective unavoidability' is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Hoffner*, 492 Mich at 468. While plaintiff contends that she had no choice but to traverse through the construction

_____

*Hoffner*, 492 Mich at 461. We agree with the trial court that the record evidence clearly established that the particular hazard in this case was discernable to an average person with ordinary intelligence upon casual inspection.

[5] As noted above, in support of their motion for summary disposition, defendants offered photographs that clearly confirmed that any tools would have been readily observable to an average person with ordinary intelligence upon a casual inspection of the area. *Hoffner*, 492 Mich at 461. While plaintiff challenged the quality of the photographs, asserting that there is no evidence to demonstrate the specific length of the grass, the photographs unequivocally demonstrate that any tools lying on the grass would have been readily apparent to a person traversing the area. Any disagreement the parties may have had regarding the description of the grass does not detract from this conclusion.

equipment and tools, there is no indication from the record that plaintiff was *required* to enter the construction area. There is also no indication that she could not have crossed the street to avoid the construction site. While an alternate route may have been less convenient for plaintiff, there is nothing in the record to suggest that it was unavailable.

We note that in an attempt to avoid the constrictions of the open and obvious doctrine, plaintiff argued in the trial court that her claims sound in ordinary negligence. "Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs,* 296 Mich App 685, 692; 822 NW2d 254 (2012) (citation omitted). "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Id.* (Citation omitted.); See also *Lymon v Freedland,* 314 Mich App 746, 756; 887 NW2d 456 (2016) (recognizing that where the plaintiff's injury arises from a condition on the land, the action will sound in premises liability). We agree with the trial court's conclusion that a review of plaintiff's complaint confirms that her allegations implicated a premises liability claim. We also note that the trial court's conclusion was correct where plaintiff's alleged injuries arose from a condition on defendants' premises. *Id.*

In a related vein, plaintiff argues on appeal that the trial court did not take into consideration evidence that Salvatore Randazzo and David Boscaglia directed her to walk through the area that led to her fall, giving her the false impression that it was a safe path of travel. She also argues that defendants were responsible for worksite safety because Salvatore Randazzo planned and supervised the project. Similarly she contends that testimony from Raymond DeBuck, Jr., the owner of DeBuck Construction Company, set a standard of care for safety, requiring the use of orange safety cones or barrels to block off the construction area, but defendants failed to comply with this standard. These arguments all relate to whether defendants breached a duty of care to plaintiff. However, as we have concluded, a premises owner's duty of protection owed to an invitee does not extend to dangers that are open and obvious. *Lugo,* 464 Mich at 516.

Plaintiff also argues that the trial court erred in denying her motion for reconsideration. We disagree.

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Frankenmuth Ins Co v Poll,* 311 Mich App 442, 445; 875 NW2d 250 (2015). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi,* 288 Mich App 352, 355; 792 NW2d 63 (2010) (citation omitted).

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the

parties have been misled and show that a different disposition of the motion must result from correction of the error.

Our review of plaintiff's motion for reconsideration in the trial court confirms the trial court's conclusion that it was essentially a reiteration of the arguments raised in plaintiff's brief in response to the motion for summary disposition, and that plaintiff did not demonstrate that a "palpable error" occurred. MCR 2.119(F)(3).[6] Therefore, the trial court did not abuse its discretion in denying the motion. *Frankenmuth Ins Co*, 311 Mich App at 445.

Finally, plaintiff argues that the trial court erred by granting defendants' motion for summary disposition without giving her an opportunity to amend her complaint. We disagree.

A trial court's determination on a motion to amend is reviewed for an abuse of discretion. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 216; 859 NW2d 238 (2014). MCR 2.116(I)(5) provides that "[i]f the grounds [for summary disposition] asserted are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Our review of the record did not discern any indication that plaintiff raised this issue before the trial court, aside from a cursory reference in her brief in response to defendants' motion for summary disposition to the applicable court rule. Thus, we question whether this issue was properly preserved for our review. See *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005) (recognizing that an issue is not preserved for appellate review where not raised before, or decided by the trial court). In any event, we note that plaintiff also did not present the trial court with an amended complaint to consider, or provide any detailed explanation of how she could amend her complaint to allege a viable claim. On this record, we do not discern any error.

Affirmed. Defendants, as the prevailing parties, may tax costs pursuant to MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Christopher M. Murray
/s/ Karen M. Fort Hood

---

[6] We acknowledge that plaintiff raised arguments challenging the photographs submitted in support of defendants' motion for summary disposition in her motion for reconsideration.