# STATE OF MICHIGAN

# COURT OF APPEALS

EVAN KHUDHUR,

Plaintiff-Appellant,

v

DONNA MARIE LEMLEY,

Defendant-Appellee.

UNPUBLISHED
December 20, 2018

No. 341689
Oakland Circuit Court
LC No. 2016-155906-NI

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Plaintiff, Evan Khudhur, appeals an order granting defendant, Donna Marie Lemley's, motion for summary disposition under MCR 2.116(C)(10). We affirm.

While driving her vehicle on June 27, 2016, defendant struck the passenger side door of plaintiff's vehicle. The Madison Heights Police Department responded to the accident. A police officer asked plaintiff if he needed to go to the hospital, but he declined because his daughter was crying in the backseat. On a scale of zero through seven regarding the level of damage to plaintiff's car, the police officer noted on the police report the damage as a two.

On November 7, 2016, plaintiff filed a third-party action against defendant, alleging negligence and violations of the Michigan Vehicle Code, MCL 257.1 *et seq.*, and the no-fault act, MCL 500.3101 *et seq.* Plaintiff alleged that, as a result of defendant's negligence, plaintiff suffered severe bodily injury, aggravation of preexisting conditions, inability to render services, and loss of consortium. Plaintiff further alleged that his injuries prevented him from earning money as he did before the accident. On December 8, 2017, defendant filed an answer to plaintiff's complaint and generally denied liability.

On October 10, 2017, after the close of discovery, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). In defendant's brief in support of the motion for summary disposition, she argued that plaintiff failed to prove a serious impairment of a bodily function. Defendant argued that plaintiff waited over a week to seek treatment for his injuries from the accident, and even then only sought physical therapy. Additionally, plaintiff's MRI results showed there was no serious injury. Defendant also argued that plaintiff failed to show that his left leg injury resulted from the accident, and he also failed to show that there was a serious impairment to his neck, back, left leg, and left shoulder. Defendant claimed that plaintiff's lifestyle had not changed because plaintiff testified at his deposition that,

-1-

as a result of a previous leg injury, he was not very active and had not worked in the past 10 years. Additionally, a surveillance video showed plaintiff carrying his daughter to the car and bending to pick her up, demonstrating that plaintiff walked without difficulty.

On October 11, 2017, the trial court entered a scheduling order regarding defendant's motion for summary disposition. In the scheduling order, the trial court stated that plaintiff's response brief must be received by the trial court by November 8, 2017, and that the hearing was scheduled for November 22, 2017. The scheduling order also required the parties to file briefs in support of and in opposition to all dispositive motions, in accordance with MCR 2.119(E)(3).[1]

On November 20, 2017, the trial court entered an order granting defendant's motion for summary disposition. In the order, the trial court noted that plaintiff failed to file a response to defendant's motion for summary disposition. The trial court stated:

> The Plaintiff failed to present any opposition to the motion, thereby failing to show that the threshold has been met and failing to prove the existence of a genuine issue for trial. In looking at the evidence in the light most favorable to the Plaintiff, summary disposition is granted in favor of the Defendant pursuant to MCR 2.116(C)(10).

On November 22, 2017, plaintiff filed a motion for reconsideration. In the motion, plaintiff stated that on October 10, 2017, he received notice, through the electronic filing ("efile") service, of defendant's motion for summary disposition and that the notice of hearing stated the hearing date would be set by the trial court. Plaintiff also stated that he never received the notice of hearing from the trial court or through the efile service. In plaintiff's brief in support, he argued that the trial court should grant his motion for reconsideration because he did not receive notice of the scheduling order. Plaintiff then argued that summary disposition was inappropriate because there was a question of fact regarding whether plaintiff's injuries met the serious impairment threshold.

On December 6, 2017, the trial court entered an order denying plaintiff's motion for reconsideration. The trial court noted that plaintiff's complaint was stamped with the following notice: "This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/Pages/efling [sic]."[2] The trial court also provided part of The Notice of Mandatory eFiling: "Judges issue opinions and orders electronically. All filers must register as a Service Contact through Odyssey File and Serve. If you fail to register, you will not receive copies of orders issued by the Court[.]" The trial court noted that plaintiff failed to register as a service contact until October 17, 2017. However, the

---

[1] MCR 2.119(E)(3) states: "A court may, in its discretion, dispense with or limit oral arguments on motions, and may require the parties to file briefs in support of and in opposition to a motion."

[2] In the trial court's order denying plaintiff's motion for reconsideration, the trial court provided an incorrect URL. The correct URL is www.oakgov.com/clerkrod/Pages/efiling.

trial court noted that defendant still sent three "courtesy copies" of motions to plaintiff because plaintiff failed to register as a service contact.

In its order, the trial court also noted that plaintiff argued his motion for reconsideration should be granted to correct the court's mistake, but plaintiff did not state what the court's mistake was. Regardless, the trial court investigated the record to ensure that it was not at fault for any clerical mistake, and it concluded that plaintiff waited a year after the case commenced to register as a service contact. The trial court further stated that plaintiff did not argue that he was entitled to relief under MCR 2.612(C). Instead, plaintiff only moved for reconsideration under MCR 2.119(F). The trial court denied plaintiff's motion for reconsideration because plaintiff failed to establish "palpable error by which the court and the parties have been misled . . . and that a different disposition of the motion must result from correction of that error" under MCR 2.119(F)(3).

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition, and in denying the motion for reconsideration, because he never received the summary disposition scheduling order with the relevant filing dates. We disagree.

"A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). This Court reviews de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(10). *Clohset v No Name Corp*, 302 Mich App 550, 559; 840 NW2d 375 (2013). Generally, this Court reviews a trial court's determination to decline to entertain motions or briefs for an abuse of discretion. *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). This Court also reviews a trial court's decision on a motion for reconsideration for an abuse of discretion. *K & W Wholesale, LLC v Dep't of Treasury*, 318 Mich App 605, 611; 899 NW2d 432 (2017). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015).

A trial court has the authority to issue a scheduling order when "the court concludes that such an order would facilitate the progress of the case." MCR 2.401(B)(2)(a). The trial court has the discretion to enforce its scheduling order. *Edi Holdings LLC v Lear Corp*, 469 Mich 1021; 678 NW2d 440 (2004). Similarly, the trial court has the discretion of whether to consider untimely documents. *Flanagin v Kalkaska Co Rd Comm*, 319 Mich App 633, 640; 904 NW2d 427 (2017).

Throughout the majority of the case, plaintiff was not registered as a service contact, as required by Oakland Circuit Court Administrative Order 2010-3, and defendant, on three occasions, mailed physical copies of different motions to plaintiff. Finally, defendant filed her motion for summary disposition on October 10, 2017, and, on that same day, she informed plaintiff that he had not registered as a service contact through the efile system. Plaintiff did not immediately register, and on October 11, 2017, the trial court entered a scheduling order detailing the deadlines regarding defendant's motion for summary disposition. Plaintiff delayed

for almost another week before he registered as a service contact on October 17, 2017. Due to his failure to properly register as a service contact through the efile system, plaintiff did not receive the scheduling order. With that said, plaintiff had ample notice and opportunity to comply with the trial court's efiling system.

Plaintiff inaccurately maintains that he was not provided notice of the scheduling order because of a "glitch" in the efile system. In actuality, plaintiff was not receiving notifications because he did not register as a service contact. Defendant warned plaintiff that he was not registered on the same day that defendant's motion for summary disposition was filed. Thus, there was no excuse for defendant to wait 41 days without taking any actions to determine the relevant scheduling dates after the motion was filed. While the notice of hearing submitted with defendant's motion indicated that the trial court would select a hearing date at a future time, plaintiff was nonetheless on notice that a hearing date was forthcoming. With this understanding, it would be reasonable to contact either the trial court or opposing counsel to inquire whether a hearing date had been selected, or at the very least check the electronic register of actions. Instead, plaintiff registered through the efile system but took no actions to determine any overlooked filings, and after 41 days of inactivity, the trial court granted defendant's motion for summary disposition for the failure to submit a response and raise a genuine issue of material fact sufficient to survive summary disposition. Plaintiff's issue on appeal arose because of his own inattention, and the trial court's refusal to accept a late response from plaintiff and to rule on the motion for summary disposition does not constitute an abuse of discretion.

Plaintiff also argues that defendant failed to ask for a concurrence in the motion, which would have alerted plaintiff that a response was required. This argument, however, overlooks the fact that plaintiff admits on appeal that he was put on notice the day defendant served a copy of the motion for summary disposition through the efile system and that defendant informed plaintiff that he was not registered. Therefore, plaintiff was accountable for checking the efile system for any scheduling orders, and even more, he was aware that a response to the motion for summary disposition would be required. Therefore, this argument is without merit.

Plaintiff further argues that the trial court erred in failing to consider a less severe sanction for the untimely brief, or even an adjournment of the hearing date. However, the trial court was under no obligation to consider any lesser sanction. *Kemerko*, 269 Mich App at 352-353. The trial court did not grant defendant's motion for summary disposition as a sanction against plaintiff for failing to submit a response. The trial court granted the motion for summary disposition because plaintiff failed to prove the existence of a genuine issue of fact, stating:

> The Plaintiff failed to present any opposition to the motion, thereby failing to show that the threshold has been met and failing to prove the existence of a genuine issue for trial. In looking at the evidence in the light most favorable to the Plaintiff, summary disposition is granted in favor of the Defendant pursuant to MCR 2.116(C)(10).

Therefore, plaintiff's argument is without merit.

Finally, plaintiff argues that he should not be held accountable for his counsel's mistake. Plaintiff asserts that this Court should reverse the trial court's grant of summary disposition

-4-

based on MCR 2.612(C), which states that "the court may relieve a party . . . from a final judgment, order, or proceeding on the following grounds: mistake, inadvertence, surprise, or excusable neglect." MCR 2.612(C)(1)(a); see also *Fisher v Belcher*, 269 Mich App 247, 262; 713 NW2d 6 (2005). Reversal of the trial court's grant of defendant's motion for summary disposition is not warranted under MCR 2.612(C)(1)(a). As discussed above, plaintiff's failure to submit a timely response was completely of his own making: there was the initial failure to register as a service contact, and then the subsequent failure to ascertain the hearing date even though defendant informed plaintiff of the failure to register and of the electronic filing of the motion for summary disposition. Plaintiff received the motion for summary disposition, which indicated that the hearing date would be set by the trial court, and it is neither a mistake nor excusable neglect for plaintiff to have done nothing to ascertain the dates for filing and the hearing. The trial court did not err when it granted defendant's motion for summary disposition and denied plaintiff's motion for reconsideration.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron