BLOEMENDAAL v TOWN & COUNTRY SPORTS, INC

Docket No. 234200. Submitted October 1, 2002, at Detroit. Decided October 8, 2002; approved for publication January 24, 2003, at 9:10 A.M.

Nancy and James Bloemendaal brought a products liability action in the Lenawee Circuit Court against Town & Country Sports Center, Inc., American Honda Motor Co., Inc., and Honda Motor Co., Ltd., alleging the failure to properly design and manufacture a Honda motorcycle purchased by Nancy Bloemendaal from Town & Country, breach of warranty, and failure to properly assemble and inspect the motorcycle. The court, Harvey A. Koselka, J., granted the defendants' motion for summary disposition and dismissed the action as a sanction for the plaintiffs' failure to preserve evidence. The plaintiffs appealed.

The Court of Appeals *held*:

1. The court's method of dismissing this action with a grant of summary disposition under MCR 2.116 was incorrect because MCR 2.116 is not a rule of sanction.

2. A court may sanction a party for failing to preserve evidence that the party knows or should know is relevant before litigation is commenced. Spoliation of evidence may occur by a failure to preserve crucial evidence, even though the evidence was not technically lost or destroyed.

3. The plaintiffs' experts' failure to test a certain part of the motorcycle while disassembling it, which part was essential to the plaintiffs' ultimate theory of liability and which test can no longer be duplicated, amounts to a failure to preserve evidence. The failure to conduct the test severely prejudiced the defense.

4. The court did not abuse its discretion in determining that a sanction against the plaintiffs was appropriate. Dismissal was not an abuse of discretion because the court considered other remedies and concluded they were insufficient to overcome the prejudice.

Affirmed.

1. EVIDENCE — DUTY TO PRESERVE — SANCTIONS.

A party has a duty to preserve evidence that it knows or reasonably should know is relevant to the action even before the action is

commenced and even where there is only a potential for litigation; a court, at its discretion, may sanction a party for failing to preserve evidence; the spoliation of evidence may occur by the failure to preserve crucial evidence, even though the evidence was not technically lost or destroyed.

2. ACTIONS — DISMISSALS — SANCTIONS.

Dismissal is a drastic step that should be taken cautiously; a court must carefully evaluate all available options on the record and conclude that dismissal is just and proper before imposing the sanction of dismissal.

*Law Offices of Harvey Chayet, P.L.L.C.* (by *Harvey Chayet* and *Deborah S. Lapin*), for the plaintiffs.

*Potter, Girodat & McQuillan, LLP* (by *George E. Potter* and *Frederick W. Girodat II*), for Town & Country Sports Center, Inc.

*Driggers, Schultz & Herbst, P.C.* (by *James J. Majernik*), for American Honda Motor Co., Inc., and Honda Motor Co., Ltd.

Before: GRIFFIN, P.J., and GAGE and METER, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court order granting defendants' motion for summary disposition in this products liability action. We affirm.

On July 9, 1997, plaintiff Nancy Bloemendaal picked up her newly purchased Honda Rebel motorcycle from defendant Town & Country Sports Center, Inc. After driving less than one mile from the dealership, she lost control of and crashed the motorcycle. Immediately after the accident, plaintiffs had the motorcycle impounded and retained several experts to disassemble and inspect it. This inspection allegedly revealed damage to the ball bearings and races located in the steering system. The components were then sent to a metallurgical expert, who allegedly

opined that the bearing adjusting nut had been undertorqued. Defendants were not present at the inspections or disassembly.

Plaintiffs thereafter filed suit against defendant Town & Country for failing to properly assemble and inspect the motorcycle. Plaintiffs subsequently amended their complaint to include claims against the defendants American Honda Motor Co, Inc., and Honda Motor Co, Ltd., for failure to properly design and manufacture the motorcycle, as well as breach of warranty claims. The Honda defendants conducted a demonstrative riding with an exemplar motorcycle containing the steering components from the accident motorcycle. It is alleged that this exemplar motorcycle was operated without difficulty for twenty-five miles while being driven through curves that duplicated the radius of the curve where the accident occurred.

The Honda defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10), which defendant Town & Country adopted. Defendants argued that summary disposition was appropriate because plaintiffs intentionally or negligently destroyed crucial physical evidence by disassembling the motorcycle without testing the torque that had been applied to the bearing adjusting nut.[1] According to defendants, the testing of the torque would have been determinative of this case and because of the spoliation of the evidence, dismissal was warranted. In the alternative, defendants argued that plaintiffs' experts were unqualified to render opinions in this

---

[1] According to defendants, whether the bearing adjusting nut was properly torqued could have been determined by the use of a torque wrench at the time of disassembly.

matter and that plaintiffs could not establish proximate cause.

Plaintiffs argued that there was no spoliation of evidence because none of the evidence was lost or destroyed. Plaintiffs argued that defendants were not prejudiced by the failure to use a torque wrench because defendants had the opportunity to inspect the parts and conduct a test with an exemplar motorcycle. Further, plaintiffs contended that the disassembly had been photographed and videotaped so defendants had the opportunity to view the disassembly. According to plaintiffs, the mere use of a torque wrench in taking off the nut would not have given the same indication of the amount of torque that had been applied to it; therefore, the use of a torque wrench would not have provided conclusive evidence of the torque that had been applied to the nut. Plaintiffs also argued that their expert witnesses were qualified to testify and that their testimony established proximate cause.

At the hearing on the motion for summary disposition, the trial court found that the entire case revolved around the question whether the bearing adjusting nut had been undertorqued. The court granted summary disposition on the basis that plaintiffs' experts failed to torque or measure the bearings, did not index the bearings, and lost one bearing. The court concluded that had plaintiffs' experts measured the torque, it "probably would've decided this once and for all," or it could have been major evidence for defendants. Specifically, the court stated:

Now, I'm sure that plaintiff [sic] didn't do this deliberately, but plaintiff is the one that selected the expert. And his autopsy was done ineptly, by people who were unquali-

fied to do it. They weren't experienced in motorcycles. It was anything but scientific. It was anything but following accepted standards.

I look at possible remedies. Not permitting plaintiffs' experts to testify that it was too loose or too tight isn't going to solve the problem at all. An instruction isn't going to solve the problem. I think that the defendants are fatally prejudiced by this. Much more than putting them at an unfair advantage. Much, much more than that. I think that the—and I've been thinking about this, quite frankly, for weeks. The motion is granted.

The trial court dismissed this case by granting defendants' motion for summary disposition, but did not specify the court rule under which it granted the motion. However, it is clear the court dismissed the case as a sanction for plaintiffs' failure to preserve evidence. Because MCR 2.116 is not a rule of sanction, the trial court's method of dismissing this case was incorrect. See *Brenner v Kolk*, 226 Mich App 149, 155; 573 NW2d 65 (1997). Therefore, we must turn our attention to a proper analysis of a trial court's authority to sanction a party for failing to preserve evidence.

A trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced. *MASB-SEG Property/Casualty Pool, Inc v Metalux*, 231 Mich App 393, 400; 586 NW2d 549 (1998), citing *Brenner*, *supra* at 160. An exercise of the court's "inherent power" may be disturbed only on a finding that there has been a clear abuse of discretion. *Brenner*, *supra* at 160, citing *In re Estate of Jones*, 115 Mich App 600, 602; 322 NW2d 311 (1982).

This Court's decision in *Brenner, supra,* is instructive in this case. In *Brenner,* the plaintiff brought suit after she was injured while driving the defendant's automobile. Although the plaintiff removed part of the allegedly defective seat belt, the entire car was demolished before any other evidence could be retrieved. This Court found that, in a case involving a party's failure to preserve evidence, a trial court properly exercises its discretion when it carefully fashions a sanction that denies the party the fruits of the party's misconduct, but that does not interfere with the party's right to produce other relevant evidence. *Brenner, supra* at 161, citing *Lewis v Tel Employees Credit Union,* 87 F3d 1537, 1557-1558 (CA 9, 1996). A lesser appropriate sanction could be the exclusion of evidence that unfairly prejudices the other party or an instruction that the jury may draw an inference adverse to the culpable party from the absence of the evidence. *Brenner, supra* at 161.

Here, plaintiffs argue that sanctions for spoliation are not appropriate in this case because no evidence was lost or destroyed. However, spoliation may occur by the failure to preserve crucial evidence, even though the evidence was not technically lost or destroyed. See *id.* at 161-162. "Even when an action has not been commenced and there is only a potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *Id.* at 162, citing *Fire Ins Exchange v Zenith Radio Corp,* 103 Nev 648, 651; 747 P2d 911 (1987).

In this case, plaintiffs were aware of the possibility of a problem with the steering mechanism at the time

of the inspection.[2] Plaintiffs' expert, Paul Cross, testified that before the disassembly of the motorcycle, he knew that there might be something wrong with the steering components and he knew litigation was likely. He knew that the bearing adjusting nut on the motorcycle was supposed to be torqued to a particular setting and he knew how to check for torque on the bearing adjusting nut by using a torque wrench or conducting a steering pre-load test. He also admitted that if the torque was not checked in one of these ways during disassembly, the conclusive evidence regarding whether the bearing adjusting nut was properly torqued would be lost forever. Plaintiffs' metallurgical expert, Dr. Paul Trojan, also testified that the best way to determine whether the bearing adjusting nut was properly torqued would be to use a torque wrench when the component was disassembled.

Plaintiffs make much of the fact that although the torque of the bearing adjusting nut was not tested, the disassembly process was videotaped and photographed so defendants had the opportunity to view the entire process. Plaintiffs claim that negligence can be shown by the damage shown on the bearings. Plaintiffs further argue that defendants have not been prejudiced by the alleged spoliation because defen-

---

[2] In their appellate brief, plaintiffs refer to an affidavit signed by Donald Van Kirk, who also took part in the inspection of the motorcycle. In this affidavit, Van Kirk asserts that on the basis of his preliminary examination of the motorcycle, he had no reason to believe torque was an issue. This affidavit was signed after the trial court granted summary disposition and was provided with plaintiffs' motion for reconsideration; therefore, the trial court could not have considered the affidavit in granting summary disposition. Because plaintiffs could have produced this affidavit earlier in the case and did not, we decline to consider it.

dants have been able to disprove plaintiffs' negligence theory by performing their own inspections and tests.

The court did not base its decision on any actual piece of the motorcycle being lost or destroyed. Rather, while disassembling the motorcycle, plaintiffs' experts failed to test a certain part of the motorcycle that was essential to their ultimate theory of liability. Because this test can no longer be duplicated because the bearing adjusting nut has been removed, the failure to conduct the test amounts to the failure to preserve evidence. This test would have been evidence of whether the bearing adjusting nut was properly torqued—a theory plaintiffs should have been aware of at the time of the inspection. Plaintiffs' failure to measure the torque at the time of disassembly severely prejudiced the defense. Because defendants were not present at the time of the disassembly, they were precluded from gaining this evidence on their own. The failure to preserve this evidence deprived the defense of the opportunity to inspect crucial evidence relative to this particular motorcycle.

We conclude that the trial court did not abuse its discretion in determining that a sanction against plaintiffs would be appropriate. However, we must now determine whether the actual sanction imposed by the trial court—dismissal—was the appropriate sanction. "Dismissal is a drastic step that should be taken cautiously." *Brenner*, *supra* at 163. Before imposing the sanction of dismissal, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper. *Id.*, citing *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995).

In *Brenner*, this Court decided that although sanctions were appropriate, the trial court abused its discretion in dismissing the case because the record did not demonstrate the egregious conduct that would warrant dismissal. *Brenner, supra* at 163. This Court determined that the trial court should have considered lesser sanctions, such as excluding any evidence that was unfairly prejudicial to the defendant. *Id.* at 164. Alternatively, this Court held that if the trial court meant to exclude the evidence and then grant summary disposition because the plaintiff could not make out a prima facie case, the trial court had to state on the record that it carefully fashioned the sanction to deny the plaintiff the fruits of her conduct. *Id.*

Here, the trial court stated that it looked at the possible remedies, including not allowing plaintiffs' experts to testify that the bearing adjusting nut was too loose or too tight and giving an instruction regarding the matter, and concluded that the possible remedies would be insufficient to cure the prejudice to defendants. Although plaintiffs have produced evidence that the actual ball bearings are damaged and defendants were able to conduct a test with an exemplar motorcycle, the use of a torque wrench at the time of disassembly would have shown whether the bearing adjusting nut had been properly torqued. Plaintiffs' theory of liability hinged on whether the bearing adjusting nut was properly torqued. Because the trial court looked at other remedies and concluded they were insufficient to overcome the prejudice, we cannot conclude that dismissal was an abuse of discretion.

Because we find dismissal was appropriate, we decline to address defendants' alternate theories for affirming the trial court's grant of summary disposition.

Affirmed.