# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY TAYLOR and JAMES NIEZNAJKO,

        Plaintiffs-Appellants,

v

MICHIGAN PETROLEUM TECHNOLOGIES, INC.,

        Defendant-Appellee,

and

CONSUMERS ENERGY COMPANY,

        Defendant.

UNPUBLISHED
July 18, 2017

No. 331048
Genesee Circuit Court
LC No. 12-098397-NI

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

STEPHENS, J. (*concurring in part, dissenting in part*)

I concur in the majority's conclusion that summary disposition of plaintiffs' nuisance claim was proper. I write separately to address the dismissal of plaintiffs' negligence claim as a spoliation sanction and to dissent from the majority's holding that no genuine issue of material fact exists.

Taylor claimed that due to the negligent act of MPT, he suffered damages to his person, including out of pocket expenses, and to personal property. In his deposition, he gave testimony to support these damages and that they resulted from the evacuation. It is undisputed that an evacuation was ordered and that Taylor and his family sheltered overnight at a nearby location. MPT moved for dismissal of Taylor's negligence claim based upon spoliation of evidence and under MCR 2.116(C)(10). The trial court granted judgment to MPT however, it is unclear as to which of MPT's two theories of relief the court based its order. I believe that in either case, the trial court erred.

## I. SPOLIATION SANCTION

I depart from the majority and agree with Taylor that the trial court abused its discretion by dismissing his negligence claim as a spoliation sanction.

A trial court's decision to sanction a party for failing to preserve evidence is reviewed for an abuse of discretion. *Bloemendaal v Town & Country Sports Ctr, Inc*, 255 Mich App 207, 211; 659 NW2d 684 (2002). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010).

As discussed earlier, although the trial court's ruling is not entirely clear, it appears to have dismissed Taylor's negligence claim as a sanction for the spoliation of evidence. Accordingly, the analytical focus is whether that remedy was proper under the circumstances.

In *Bloemendaal*, 255 Mich App at 212, this Court stated:

[I]n a case involving a party's failure to preserve evidence, a trial court properly exercises its discretion when it carefully fashions a sanction that denies the party the fruits of the party's misconduct, but that does not interfere with the party's right to produce other relevant evidence. A lesser appropriate sanction could be the exclusion of evidence that unfairly prejudices the other party or an instruction that the jury may draw an inference adverse to the culpable party from the absence of the evidence. [Citations omitted.]

"Dismissal is a drastic step that should be taken cautiously. Before imposing the sanction of dismissal, the trial court must carefully evaluate all available options on the record and conclude that dismissal is just and proper." *Id*. at 214 (citations and quotation marks omitted). Only egregious conduct warrants dismissal. *Id*. at 215.

The record clearly reflects that the trial court did not carefully evaluate all available options before dismissing Taylor's negligence claim as a sanction for spoliation of evidence. See *Bloemendaal*, 255 Mich App at 214. The court never expressly stated what other sanctions were available or why they would not be appropriate. MPT may be correct that other sanctions, such as the exclusion of Taylor's testimony or a jury instruction, would not have been suitable, but the law requires the trial court to consider the options *before* dismissing the case. The trial court's failure to do so requires reversal and remand so the trial court can consider alternative sanctions.

## II. NEGLIGENCE CLAIM

I also depart from the majority's conclusion that no genuine issue of material fact exists on Taylor's negligence claim.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC,* 489 Mich 157, 162; 809 NW2d 553 (2011). The court asserted that independent of the spoliation issue there was no causal link between the claimed negligence of MPT and any damages. However, the parties stipulated that Taylor and his family's evacuation was a direct result of the fire at MPT's plant. While there are material questions of fact as to whether the fire and the evacuation were the result of MPT's breach of duty, there is no dispute that it owed a duty and that evidence of

breach was presented to the trial court. Putting aside the property damage related to the pool, Taylor offered testimony as to the non-economic damage occasioned to him and his family due to their shelter stay and as to limited out of pocket expenses. These damages do not require expert testimony and Taylor's sworn deposition was enough to establish causation. Taylor's negligence theory does not bear the requirement that the injury arising from negligence must be substantial. Thus, the trial court erred if its dismissal was based upon a failure to present competent evidence on the negligence claim.

A trial court's decision on a motion for reconsideration is also reviewed for an abuse of discretion. *Frankenmuth Ins Co v Poll*, 311 Mich App 442, 445; 875 NW2d 250 (2015). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. (citation and quotation marks omitted).

"In order to establish the right to relief, the party bringing the motion for reconsideration must establish that the trial court made a palpable error and a different disposition would result from correction of the error." *Huntington Nat'l Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 516; 853 NW2d 481 (2014). As discussed earlier, the trial court did not err by granting summary disposition on Taylor's nuisance claim, but did err by dismissing Taylor's negligence claim as a spoliation sanction. If corrected, Taylor could go forward with his negligence claim, unless, and until the trial court expressly rules that no other sanctions are appropriate or otherwise dismisses the claim. Therefore, the trial court abused its discretion, in part, by denying Taylor's motion for reconsideration.

I would affirm in part, reverse in part, and remand for further proceedings. I would not retain jurisdiction.

/s/ Cynthia Diane Stephens