# STATE OF MICHIGAN

# COURT OF APPEALS

LAGALIA DYCUS,

        Plaintiff-Appellant,

v

ASF5, INC.,

        Defendant-Appellee.

UNPUBLISHED
June 12, 2018

No. 337557
Genesee Circuit Court
LC No. 15-105799-NO

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant under MCR 2.116(C)(10) in this premises liability action. We affirm.

## I. BACKGROUND FACTS

Defendant owns the Marathon gas station located on Center Road and Davison Road in Burton, Michigan. Plaintiff was a regular customer at the gas station and estimated that she visited the gas station about a hundred times over the years. On Friday, July 24, 2015, plaintiff stopped at the gas station on her way home from her job cleaning houses. Plaintiff testified that she was walking carefully, paying attention, and looking at the ground when she exited the gas station. But after she came out the door, she took a few steps and then fell down on the concrete ground. She suffered multiple injuries from the fall. Plaintiff was on the ground for about 30 seconds before two young men approached her and helped her up.

Plaintiff stated that, after she regained her balance, "I went back down my route to see what had tripped me and found me a screw right there. I knew something had tripped me and that had to have been what it was." Plaintiff stated that the screw caught the front of her Sketchers tennis shoe because it was protruding out of the wall. Plaintiff guessed that the screw was in the wall about 1½ inch up from where the wall meets the pavement and that the screw was about 1½ inch long, rusted, with a little bit of cement on it. Plaintiff did not see the screw sticking out of the wall before she tripped because it was painted the same color as the building. Plaintiff was only able to see the screw on close inspection and was not able to see it when she was standing up prior to getting down to look for it.

Plaintiff testified that as she was looking at the screw after she fell, one of the men that had helped her up came over and removed the screw from the wall and handed it to her. Plaintiff

-1-

did not know the man. Plaintiff stated that she did not go into the gas station to report her fall because she was embarrassed and had blood on her. Plaintiff took the screw, put it in her car, and took it home with her. Because she was still in pain, plaintiff sought medical attention for her injuries from her regular doctor on the following Monday.

A few months later, plaintiff filed this lawsuit against defendant, alleging that it had breached its duty by creating a dangerous condition when it placed "a small metal spike in an exterior wall" and allowed it to protrude outward, which caused her to fall and suffer extensive injuries. Defendant denied plaintiff's charges and filed a motion for summary disposition. Defendant argued that plaintiff engaged in spoliation of evidence when she removed the screw from the purported accident scene because plaintiff had a duty to preserve evidence relevant to the action. Defendant also argued that plaintiff's premises liability claim should be dismissed because the danger was open and obvious and without special aspects, defendant did not have notice of the alleged dangerous condition, and plaintiff could not establish causation. The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10), based on defendant's spoliation argument and its conclusion that plaintiff failed to establish causation. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews the trial court's grant of a motion for summary disposition de novo. *Bonner v City of Brighton*, 495 Mich 209, 220; 848 NW2d 380 (2014). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint, and it is properly granted when the evidence "fails to establish a genuine issue regarding any material fact." *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), the Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). See also MCR 2.116(G)(5).

## III. SPOLIATION OF EVIDENCE

Plaintiff first argues that the trial court erred in dismissing her suit for spoliation of evidence. This Court reviews for an abuse of discretion a trial court's decision to sanction a party for spoliation of evidence. *Brenner v Kolk*, 226 Mich App 149, 160-161; 573 NW2d 65 (1997). An abuse of discretion occurs when the decision falls outside the range of reasonable and principled outcomes. *Barnett v Hidalgo*, 478 Mich 151, 158; 732 NW2d 472 (2007).

A party has a duty to preserve evidence "[e]ven when an action has not been commenced and there is only a potential for litigation[.]" *Brenner*, 226 Mich App at 162. This duty to preserve evidence includes all evidence "that [a party] knows or reasonably should know is relevant to the action." *Id*. "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v Gen Motors Corp*, 271 F3d 583, 590 (CA 4, 2001).

When spoliation of evidence occurs, whether intentionally or unintentionally, and the other party is unfairly prejudiced because it is unable to challenge or respond to the evidence, a trial court has the inherent authority to sanction the culpable party to preserve the fairness and integrity of the judicial system. *Brenner*, 226 Mich App at 160. The trial court must carefully fashion a sanction that denies that party the fruits of its misconduct, but that does not interfere with the party's right to produce other relevant evidence. *Bloemendaal v Town & Country Sports Ctr, Inc*, 255 Mich App 207, 212; 659 NW2d 684 (2002).

Dismissal is a drastic sanction reserved for when a party engages in egregious conduct. *Brenner*, 226 Mich App at 163. Further, granting a party's motion for summary disposition solely as a sanction for spoliation is incorrect as a matter of law as explained by the *Brenner* Court.

> As an initial matter, we note that the trial court dismissed this case by granting defendants' motion for summary disposition. The trial court did not specify the court rule under which it granted the motion, but it is clear from the transcript of the hearing that the court granted summary disposition as a sanction for plaintiff's failure to preserve evidence. We conclude that the trial court's method of dismissing this case was incorrect as a matter of law because MCR 2.116 is not a rule of sanction. Summary disposition is proper only when the pleadings show that a party is entitled to judgment as a matter of law or if the affidavits or other proofs show no genuine issue of material fact. See MCR 2.116(I)(1). [*Brenner*, 226 Mich App at 155.]

In all circumstances, a trial court considering spoliation sanctions must carefully evaluate all potential sanctions on the record before concluding that dismissal is just and proper. *Bloemendaal*, 255 Mich App at 214.

In this case, the trial court granted defendant's motion for summary disposition based on both plaintiff's alleged spoliation of evidence as well as the trial court's conclusion that the causation element of her premises liability action was lacking. However, as explained by the *Brenner* Court, dismissal as a sanction for spoliation, alone, would be error and incorrect as a matter of law because MCR 2.116 is not a rule of sanction. *Brenner*, 226 Mich App at 155. Further, as mentioned above, dismissal is a drastic sanction reserved for when a party engages in egregious conduct. *Id*. at 163. Our review of the record reveals that plaintiff's conduct with regard to the screw protruding from the wall immediately after her fall does not rise to the level of egregious.

Plaintiff testified that, after she fell, a man removed the screw from the wall and gave it to her. Plaintiff safeguarded the screw, apparently did not alter it in any way, and presented the screw to defendant for inspection during her deposition. The trial court also made observations about the screw during the summary disposition motion hearing. Further, defendant does not accuse plaintiff of hiding the screw, losing it, altering it, destroying it, or in any way making it unavailable to defendant or a factfinder. Defendant's assertion that plaintiff should have stopped the man from removing the screw and alerted gas station employees immediately so that the accident scene could be properly documented in real time is true. However, simply because plaintiff could have done better does not automatically make her actions "egregious" conduct

warranting dismissal. As such, because the trial court found that plaintiff engaged in spoliation of evidence to some degree, the trial court should have carefully evaluated all potential sanctions on the record before choosing such a drastic sanction. See *Bloemendaal*, 255 Mich App at 214. Other possible sanctions include "the exclusion of evidence that unfairly prejudices the other party or an instruction that the jury may draw an inference adverse to the culpable party from the absence of the evidence." *Id.* at 212. Because dismissal was not an appropriate sanction under these circumstances, we conclude that the trial court abused its discretion when it granted summary disposition to defendant on this basis.

## IV. CAUSATION

Plaintiff next argues that the trial court erred in dismissing her lawsuit for failure to establish that a material question of fact exists regarding causation. "To establish a prima facie case of negligence, a plaintiff must prove that (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012) (quotations marks and citation omitted).

"The starting point for any discussion of the rules governing premises liability law is establishing what duty a premises possessor owes to those who come onto his land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). With regard to invitees, a premises owner has a "legal duty . . . to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize, or protect themselves against." *Bertrand v Alan Ford, Inc*, 449 Mich 606, 609; 537 NW2d 185 (1995) (quotation marks and citation omitted).

In *Skinner v Square D Co*, 445 Mich 153, 159-160; 516 NW2d 475 (1994), a products liability case, our Supreme Court described in detail the causation element for tort and negligence actions: the plaintiff must present "proof of a causal connection between an established defect and injury" and "establish[ ] a logical sequence of cause and effect" between the two. *Id.* Once a defendant challenges the evidentiary support for a plaintiff's claim, the duty falls on the plaintiff to establish that a material question of fact exists that should be considered by a jury. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996).

To establish proximate causation, a plaintiff must present evidence that the defendant's conduct was a cause in fact and legal cause of his or her injuries. *Skinner*, 445 Mich at 162-163. "The cause in fact element generally requires showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred. On the other hand, legal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* at 163 (citations omitted). The plaintiff may rely on circumstantial evidence to establish causation. "To be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation." *Id.* at 164. "The mere possibility that a defendant's negligence may have been the cause, either theoretical or conjectural, of an accident is not sufficient to establish a causal link between the two." *Id.* at 165 (quotation marks and citation omitted).

Based on the record in this case, we conclude that plaintiff provides nothing more than her own speculation that because she fell, something must have caused her fall. Plaintiff did not know "what" caused her fall, and surmised that a 1½-inch screw sticking out of the wall "had to have been" the cause of her fall. Plaintiff testified that she was wearing Sketchers tennis shoes at the time she fell, and that the screw had caught her shoe. A marking on the shoe consistent with her claim that the screw caught her foot and tripped her would be direct evidence in support of her theory of the case. But plaintiff did not provide any such evidence or present the shoes for inspection. Indeed, it is theoretically possible that plaintiff was walking very close to the exterior wall and the screw caught her tennis shoe in such a manner that she tripped and went down hard. But theoretical possibilities are not enough to establish causation because it is just as theoretically likely that plaintiff tripped over her shoelace, her own feet, or stepped too close to the brick wall, lost her footing, and went down. See *Skinner*, 445 Mich at 164-165. Plaintiff's presentation of a theory about a screw that could have caused her to fall, absent any evidence to support a causal link between any conduct on defendant's part and plaintiff's injury, was insufficient to establish causation. See *id*. at 165. Because plaintiff failed to establish that a material question of fact exists on this record with regard to causation, the trial court properly granted summary disposition to defendant. See *Quinto*, 451 Mich at 362.

Because the trial court properly granted defendant's motion for summary disposition on the ground that plaintiff failed to establish that a material question of fact exists regarding causation, we need not reach defendant's alternative bases for affirmance, which were not decided by the trial court: notice and whether the condition was open and obvious. Furthermore, because summary disposition was proper based on causation alone, we need not remand the case as a result of the trial court's spoliation error.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Brock A. Swartzle