*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JASMINE MONYA MCDANIEL,

        Plaintiff-Appellant,

v

VICTOR L. CASSAR MANAGEMENT, LLC,

        Defendant-Appellee

and

WOODHAVEN SQUARE APARTMENTS and
VICTOR L. CASSAR FAMILY LIMITED
PARTNERSHIP,

        Defendants.

UNPUBLISHED
May 28, 2020

No. 348274
Wayne Circuit Court
LC No. 17-014904-NO

Before: JANSEN, P.J., and METER and CAMERON, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the order granting summary disposition in favor of defendant. Because a genuine issue of material fact remains, we reverse, vacate the trial court's March 20, 2019 order granting summary disposition in favor of defendant, and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff was a resident of the defendant-owned apartment complex, Woodhaven Square Apartments, in Woodhaven, Michigan. On defendant's property, there exists a retaining wall, constructed from bricks and cinderblocks, that is approximately 500 feet long and over 4 feet tall. The wall runs parallel with the western property line, and separates the Woodhaven Square Apartment's parking lot from the bordering residential subdivision.

Sometime between 5:00 a.m. and 6:00 a.m. on March 23, 2017, plaintiff carried her young daughter out to the parking lot where she had parked her Dodge Challenger. The rear of plaintiff's

-1-

vehicle abutted the barrier wall. Plaintiff was attempting to access the trunk of her vehicle to retrieve some of her daughter's belongings when suddenly the barrier wall collapsed. Plaintiff turned to shield her daughter, and was struck on the right side of her body by the falling cinderblocks. The force caused plaintiff to fall to the ground. Plaintiff called her mother, who called 911. Plaintiff was transported to a local hospital via ambulance with complaints of pain in her lower back and right leg.

Plaintiff filed a two-count complaint against defendant, alleging negligence under a premises liability theory and breach of contract for a breach of the covenant of fitness and reasonable repair. Following oral and written discovery, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff could not maintain her premises liability claim because she was unable to present any admissible evidence that defendant had actual or constructive notice of "any alleged defective condition related to the wall." Moreover, plaintiff had not retained any expert who could "establish that the wall's construction or maintenance was such that defendant should have known that the wall was prone to fall over." Defendant further argued that plaintiff would be unable to sustain a claim under MCL 544.139, which outlines a landlord's statutory duty to keep common areas fit for their intended use, because landlords are only statutorily required to repair defects that the landlord knew about or should have known about.

Plaintiff responded, and argued that a genuine question of material fact remained that precluded summary disposition. Specifically, plaintiff argued that a question of fact remained regarding whether defendants had notice of the dangerous condition of the wall. Plaintiff noted that two witnesses, plaintiff and fellow Woodhaven Square Apartments resident Rhea Killingback, testified that they had seen some portions of the wall leaning before the collapse. Comparatively, two witnesses, Woodhaven Square Apartments manager Marion LaFreniere and Woodhaven Square Apartments maintenance supervisor James Lynch, testified to not having knowledge of the condition of the wall. Another witness, owner David Cassar, testified that he had never inspected the wall before its collapse. Because a trial court cannot determine facts or address the credibility of witnesses on summary disposition, plaintiff argued, summary disposition was improper.

Plaintiff also cited MRE 702 and argued that she was not required to retain an expert to testify regarding the condition of the wall, because at the summary disposition stage there was no trier of fact that an expert would assist in understanding evidence or determining a fact in issue. Moreover, plaintiff argued, defendant was guilty of spoliation because of its "failure to preserve or produce debris from the collapsed wall" which prevented "the admissibility of opinion testimony under MRE 703 because the facts or data upon which to form the basis no longer exist." Plaintiff requested defendant's motion for summary disposition be denied as a sanction for spoliation.

Following a hearing on defendant's motion, the trial court granted summary disposition in favor of defendant. Ruling on the record, the trial court articulated:

> The owner of a premises is not an insurer of the safety of invitees. And, it's [sic] duty is only to exercise a reasonable care for their protection.

The mere existence of a defect or danger is not enough to establish liability, unless it is shown to be of such character or such duration, that the jury may reasonably conclude that due care would have discovered it.

* * *

Plaintiff has the burden of proving her case and has not provided any evidence that the Defendant knew or should have known about a defect in the wall at the point where it fell.

Weighing against Plaintiff, is the fact that the wall was intact and without apparently any problems according to the affidavit for the 25 or more years that Defendant owned the property. And, Plaintiff herself testified as she never saw any problem with the wall prior to it falling.

The fact that witnesses may have seen the wall leaning in other portions away from her, does not mean that Defendant had notice of a dangerous condition where the wall fell.

The Plaintiff has a burden to prove – the burden of proof. She has not provided any expert testimony that a leaning wall, 300 feet from the portion that fell from her, is sufficient to give the Defendant notice that the wall might fall anywhere.

Plaintiff attaches photos with exhibit six and seven, showing uneven side breaks and unlevel tops between sections of the wall as proof that the wall was defective. And, that presumably, Defendant should have known that.

The photos, however, are not sufficient to create actual or constructive notice of a defect, or even causation.

The Court cannot assume that variations in the wall, meaning a defective condition that Defendant should have remedied, that would be speculative.

Reasonable minds could not (inaudible) that Plaintiff has failed to show that Defendant had either actual or constructive notice. Therefore, Defendant's motion is granted on the basis that it had no actual or constructive knowledge of any problem with the wall.

The trial court further addressed plaintiff's spoliation argument, and concluded that under *Brenner v Kolk*, 226 Mich App 149; 573 NW2d 65 (1997), it was plaintiff's duty to preserve evidence. The trial court denied plaintiff's request for sanctions because of spoliation of evidence.

This appeal followed.

II. STANDARD OF REVIEW

We review a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc.*, 500 Mich 1, 5-6, 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768, 887 NW2d 635 (2016), and should be granted when "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law," *West v Gen Motors Corp*, 469 Mich 177, 183, 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 693, 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29, 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v Smith*, 269 Mich App 560, 564, 715 NW2d 314 (2006) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*., 308 Mich App 420, 423, 864 NW2d 609 (2014) (quotation marks and citation omitted). [*Lockwood v Twp of Ellington*, 323 Mich App 392, 400-401; 917 NW2d 413 (2018).]

III. ANALYSIS

A. ACTUAL OR CONSTRUCTIVE NOTICE OF DEFECT

First, plaintiff argues that the trial court erred in granting summary disposition where a genuine issue of material fact remained. We agree.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood v P & G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019) (quotation marks and citation omitted). Here, plaintiff was an invitee. Therefore, defendant owed plaintiff a duty "to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). A possessor of land is liable for harm caused by a condition on the land to an invitee,

> if, and only if, all of the following are true: the possessor (a) knows, or by the existence of reasonable care would discover, the condition, and should realize that it involves an unreasonable risk of harm to such invitees, (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." [*Prebenda v Tartaglia*, 245 Mich App 168, 169; 627 NW2d 610 (2001).]

Notice, or knowledge, of a defect may be actual or constructive. A landowner has constructive notice of a defect if the condition "has existed a sufficient length of time," and the defect was discoverable. *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007).

In this case, a brick and cinderblock barrier wall collapsed, injuring plaintiff. With respect to whether the barrier wall had deteriorated to an unsafe condition, and whether defendant had notice of the unsafe condition, the record evidence is conflicting. Plaintiff testified at her deposition that although she had not seen the section of the wall that fell leaning before it fell, she had noticed a different section of the wall leaning. Plaintiff was adamant that the wall collapsed suddenly and on its own. Killingback similarly testified at her deposition that another section of the wall was leaning. Killingback also admitted that she did not see the wall fall, but heard a large boom and a woman's voice yell, "Oh, my God!" Comparatively, Lynch and LaFreniere testified that they did not know if the wall was leaning before it fell. Cassar testified in his deposition that he had not inspected the wall prior to its collapse.

When the foregoing evidence is viewed in a light most favorable to plaintiff as the nonmoving party, we conclude that a question of fact remains regarding whether defendant had actual or constructive notice of a defect on its property, specifically whether the barrier wall had deteriorated over time, resulting in an unreasonably dangerous condition. Where a genuine issue of material fact remained, the trial court erred in granting summary disposition in favor of defendant. *Lockwood*, 323 Mich App at400-401. Accordingly, a remand for further proceedings is required.

## B. FAILURE TO PRESERVE EVIDENCE

Next, plaintiff argues that the trial court misapprehended the law by concluding that only plaintiffs have a duty to preserve evidence. Plaintiff further argues that the trial court erred by not denying summary disposition to defendant as a sanction for failing to preserve evidence in this case.

"Even when an action has not been commenced and there is only potential for litigation, the litigant is under a duty to preserve evidence that it knows or reasonably should know is relevant to the action." *Brenner*, 226 Mich App at 162. "A trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced." *Bloemendaal v Town & County Sports Ctr, Inc*, 255 Mich App 207, 211; 659 NW2d 684 (2002).

Initially, we note that plaintiff is correct in her assertion that it is not only a plaintiff's responsibility to preserve evidence. Michigan jurisprudence is clear that it is a *litigant's* responsibility to preserve evidence that it may reasonably believe to be relevant before litigation is commenced. *Id*. A litigant can be either a plaintiff or a defendant.

Turning to the merits of the argument, in this case, it is undisputed that defendant failed to preserve the rubble from the fallen barrier wall. Indeed, Lynch testified at his deposition that he was instructed by the owners of the apartment complex to clean up the fallen brick. Using a wheelbarrow, Lynch disposed of the fallen wall in various dumpsters around the property. Cassar

averred in an affidavit submitted as a supplement to defendant's motion for summary disposition, the wall in its collapsed state was a dangerous hazard to all residents.

LaFreniere testified that she spoke with plaintiff the same day the wall fell, and plaintiff had indicated she has sought treatment at a local hospital for injuries allegedly sustained when she was hit with the falling barrier wall. However, the record is unclear regarding whether defendant knew the extent of plaintiff's alleged injuries before this lawsuit was filed. After plaintiff's initial emergency room visit, plaintiff did not seek medical treatment for her alleged injuries until after her attorney referred her to Dr. Bachu Abraham. Therefore, we cannot conclude that defendant should have reasonably anticipated litigation stemming from plaintiff's alleged injuries.

Moreover, plaintiff has not shown she was prejudiced by defendant's failure to preserve the rubble. Both plaintiff and defendant took photos of the rubble contemporaneously to the time it fell. Plaintiff fails to explain how the actual bricks and cinderblocks, and not just the photographs, are required to dispute defendant's claim that it did not have actual or constructive notice of the alleged defect. As discussed *supra*, plaintiff has established that a question of fact regarding notice of the alleged defective condition of the wall remains, and she has done so without the aid of the actual rubble.

We reverse, vacate the trial court's March 20, 2019 order granting summary disposition in favor of defendant, and remand for further proceedings. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron