*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SANDRA CLIPPERT, CHRISTOPHER CLIPPERT, also known as CHRISTOPHER CLIPPER, GEORGE CLIPPERT, also known as GEORGE CLIPPER, and JONATHAN CLIPPERT,

        Plaintiffs-Appellants,

v

TRI-COUNTY CREMATION SERVICES LLC, also known as TRICOUNTY CREMATION SERVICES LLC, COMFORT CREMATION SERVICES LLC, also known as TRI-COUNTY CREMATIONS, O'NEIL SWANSON, also known as O'NEIL D. SWANSON II, DIANNE E. SWANSON, and GEORGE A. DROSIS,

        Defendants-Appellees,

and

ELLIS FUNERAL HOME INC,

        Defendant.

UNPUBLISHED
December 19, 2024
2:41 PM

No. 369839
Washtenaw Circuit Court
LC No. 21-000777-CZ

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order dismissing the case as a sanction for spoliation. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' family member died in March 2021. Plaintiffs arranged for decedent's cremation with defendant Tri-County Cremation Services LLC (Tri-County) through defendant

-1-

Comfort Cremation Services LLC (Comfort). After a delay of a few weeks because of difficulty obtaining a doctor's signature for decedent's death certificate, plaintiffs received cremains purported to be decedent in early April 2021. Within a few days, plaintiffs had the cremains scattered in their church's memorial garden.

In June 2021, the State of Michigan began investigating defendants, excluding Ellis Funeral Home Inc (Ellis),[1] for alleged violations of the Cemetery Regulation Act, MCL 456.521 *et seq*., and the Occupational Code, MCL 339.101 *et seq*.[2] Its investigation into one of defendants' locations revealed various unsanitary and inappropriate conditions of the bodies in their care. Plaintiffs learned of the investigation and its findings through the media, and filed suit against defendants alleging claims of breach of contract, negligence, professional negligence/malpractice, intentional interference with the right of burial, negligent interference with the right of burial, and successor liability/alter ego against the business and individual defendants.[3] Plaintiffs' claims relied on their assertion that the cremains returned to them were not their family member. Plaintiffs later amended their complaint to add a claim of violation of the MCPA and a claim of fraudulent/negligent/innocent misrepresentation.

Three of the plaintiffs were deposed in March 2022. They admitted that they did not have any direct evidence that the cremains they received were not from their family member, while continually insisting they were still investigating the matter. Two of the deposed plaintiffs confirmed that they did not examine the tracking medallion included with the urn or consider DNA testing the cremains.

In March 2023, Ellis filed a notice of inspection of the urn to ascertain whether the tracking medallion with the urn matched the crematory's records identifying decedent's cremains. Plaintiffs disclosed, about a month later, that the cremains had been spread in their church's garden. Likewise, plaintiffs have not been able to locate the urn.

Defendants moved the trial court to sanction plaintiffs for their spoliation of the cremains and tracking medallion. Specifically, they requested either an adverse presumption against plaintiffs or summary dismissal of the case as a result of plaintiffs' spoliation of crucial evidence. During the evidentiary hearing that followed, the trial court asked plaintiffs to identify the evidence supporting their claims. Plaintiffs acknowledged they could not provide any direct evidence, but claimed that there was adequate circumstantial evidence. The trial court dismissed the case. Plaintiffs now appeal.

---

[1] Ellis was added as a party later on in this case, and the parties ultimately stipulated to its dismissal. Therefore, we refer to "defendants" as all defendants except Ellis.

[2] The Department of Licensing and Regulatory Affairs, Corporations, Securities, and Commercial Licensing Bureau issued two notice and orders about these alleged violations, but later entered a stipulation and consent order resolving the notices that dismissed the majority of the allegations.

[3] All the individual defendants were involved with the defendant entities in some way.

## II. STANDARD OF REVIEW

"A trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced." *Bloemendaal v Town & Country Sports Ctr Inc*, 255 Mich App 207, 211; 659 NW2d 684 (2002). "An exercise of the court's 'inherent power' may be disturbed only on a finding that there has been a clear abuse of discretion." *Id*., citing *Brenner v Kolk*, 226 Mich App 149, 160; 573 NW2d 65 (1997). "An abuse of discretion occurs when the decision of the trial court results in an outcome falling outside the principled range of outcomes." *Woods v SLB Prop Mgmt, LLC*, 227 Mich App 622, 625; 750 NW2d 228 (2008) (quotation marks, citation, and brackets omitted).

## III. ANALYSIS

Plaintiffs argue that the trial court erred in dismissing this case because (1) it did not provide them with proper notice that it may dismiss the case at the evidentiary hearing, and (2) it improperly granted summary disposition under MCR 2.116(I) because defendants failed to prove they were entitled to summary disposition as a matter of law or that there was no genuine issue of material fact for all the counts listed in plaintiffs' complaint. Plaintiffs misunderstand the trial court's legal basis for dismissing their case.

Plaintiffs' arguments rely on their erroneous contention that the trial court granted summary disposition to defendants under MCR 2.116(I). They argue that the trial court deprived them of their due-process rights when it dismissed the entire case at the evidentiary hearing without giving them notice that such a sanction was possible. Plaintiffs rely on *Sandstone Creek Solar, LLC v Benton Twp*, 335 Mich App 683, 714; 967 NW2d 890 (2021), which held that "[a] trial court's failure to inform the plaintiff that the court is contemplating summary disposition of the plaintiff's claims is a fatal procedural flaw necessitating reversal." Although this is a correct restatement of our caselaw, the trial court did not grant summary disposition to defendants under MCR 2.116(I); it dismissed the case as a sanction for plaintiffs' spoliation of crucial evidence—decedent's cremains and the tracking medallion. The trial court did not grant summary disposition to defendants under MCR 2.116(I), and plaintiffs fail to allege any errors pertaining to the trial court's dismissal of this case as a sanction for spoliation. We therefore decline to consider plaintiffs' claims. See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004) (quotation marks, alterations, and citation omitted) ("When an appellant fails to dispute the basis of the trial court's ruling, this Court need not even consider granting plaintiffs the relief they seek.").

Affirmed. Defendants may tax costs against plaintiffs under MCR 7.219.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica